**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LODI HOTEL INVESTORS,

    Plaintiff,

v.

MANUEL LUNA,

    Defendant.

                                        /

No. C 13-01760 CRB

**ORDER REMANDING CASE**

    Defendant Manuel Luna, proceeding pro se, removed this case from state court on April 18, 2013. See dkt. 1. Plaintiff has filed a Motion to Remand, see dkt. 10, and the Court finds this matter is suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b). Because this case does not involve any federal claims, the Court REMANDS it to state court.

    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1331, a district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal

citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." <u>Id.</u> at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant asserts that the Court has federal question jurisdiction because "Defendant strongly believes he has been discriminated [sic] and that [Plaintiff] has violated federal law." <u>See</u> dkt. 1 at 1-2. Defendant's anticipated federal defense do not give this Court jurisdiction. <u>See</u> <u>Alton Box Bd. Co. v. Esprit de Corp.</u>, 682 F.2d 1267, 1274 (9th Cir. 1982) ("That anticipated federal defenses do not suffice to establish federal question jurisdiction is a principle too well-established in this circuit to merit discussion.").

Rather, federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint. <u>See</u> <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002). The state court complaint here involves only a claim of unlawful detainer. <u>See</u> dkt. 1 Ex. A ("Complaint – Unlawful Detainer"). Therefore, no federal question is presented. <u>See</u> <u>Wells Fargo Bank v. Lapeen</u>, No. 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); <u>Wescom Credit Union v. Dudley</u>, No. 10-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, because Defendant appears to be what is known as a local defendant (residing in the State in which this action has been brought), there is also no diversity jurisdiction. <u>See</u> 28 U.S.C. § 1441(b)(2).

Accordingly, the Case is REMANDED to the Superior Court of the State of California, County of San Joaquin.

**IT IS SO ORDERED.**

Dated: May 21, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE